UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ABDUL WALI,

    Petitioner,

v.

ATTORNEY GENERAL OF THE STATE OF
NEW JERSEY, et al.,

    Respondents.

Civil Action No. 16-9018 (MCA)

OPINION

## I. INTRODUCTION

This matter has been opened to the Court by Petitioner Abdul Wali's[1] filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained in this Opinion, the Petition is dismissed as untimely and without merit, and the Court also denies a certificate of appealability.

## II. FACTUAL BACKGROUND[2]

Following waiver of the Family Part's jurisdiction pursuant to N.J.S.A. 2A:4A–26, Petitioner was indicted and charged with felony murder and related offenses for acts he committed in 1990, when he was fifteen years old. He was tried before the Law Division and convicted by a jury. The sentencing judge merged all but one of the related offenses into the

---

[1] Petitioner alternately lists his name on the Petition as "Abdul Wali" and "Walif Smith", and New Jersey's Promis Gavel website indicates that his judgment of conviction was entered under the name Walif Smith. *See* New Jersey's Promis Gavel, available at https://mccs.njcourts.gov/webe4/ExternalPGPA/entry, last visited on May 2, 2019.

[2] The factual background is taken from the Appellate Division's decision affirming the denial of Petitioner's motion to correct and illegal sentence. *See State v. Smith*, No. A-0679-13T2, 2015 WL 9694345, at *1 (N.J. Super. Ct. App. Div. Jan. 8, 2016).

1

murder count and imposed a sentence of life imprisonment with a thirty-year period of parole ineligibility, and a concurrent term of four years on the remaining count.

Petitioner appealed his conviction and sentence on direct appeal. The Appellate Division affirmed both his conviction and sentence, and the Supreme Court denied certification. *State v. Smith*, No. A–4621–94 (N.J. Super. App. Div. Feb. 18, 1997), certif. denied, 151 N.J. 72 (1997). Petitioner later filed a petition for post-conviction relief, which the trial court denied. The Appellate Division affirmed, and the New Jersey Supreme Court denied certification. *State v. Smith*, No. A–1651–07 (NJ. Super. App. Div. January 2, 2009), certif. denied, 199 N.J. 132 (2009).

Several years later, on March 4, 2013, defendant filed a pro se petition with the Law Division seeking to vacate his sentence, which he alleged was unconstitutional pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012).[3] On August 21, 2013, the motion judge entered an order, accompanied by a written decision, denying the petition. The Appellate Division affirmed in an unpublished decision. *State v. Smith*, 2015 WL 9694345, at *1, 4 (N.J. Super. App. Div. 2016). The Supreme Court of New Jersey denied certification. *See State v. Smith*, 225 N.J. 339 (2016).

The instant Petition was docketed on December 8, 2016, and the Court issued an Order directing Petitioner to inform the Court as to whether this was his all-inclusive petition. On July 10, 2017, Petitioner submitted a statement stating that he wished to proceed on the petition as filed. (ECF Nos. 2-3.) The Petition raises a single ground for relief asserting that Petitioner's

---

[3] The motion judge characterized defendant's petition as a "motion to correct an illegal sentence."

2

"DeFacto" life sentence without the possibility of parole and, by extension, New Jersey's sentencing scheme, violates *Miller v. Alabama*, 567 U.S. 460 (2012).[4] (ECF No. 1, Pet. at ¶ 12.)

### III. ANALYSIS

The Court will now screen the Petition for dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Habeas Rule 4 requires the district judge to review a petition and to *sua sponte* dismiss it without ordering a responsive pleading if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court[.]" *See Mayle v. Felix*, 545 U.S. 644, 655 (2005)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). As explained below, the *Miller* claim in the instant Petition is subject to dismissal as untimely and without merit.

Under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] In his Petition, however, Petitioner acknowledges that he was sentenced to a life sentence with a 30-year parole disqualifier.

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

This appears to be Petitioner's first federal habeas petition, and he raises a single claim for relief based on the constitutional right recognized in *Miller v. Alabama*, 567 U.S. 460 (2012). Because Petitioner's habeas petition would be otherwise untimely, Petitioner appears to assert that *Miller* restarts his statute of limitations period by newly recognizing the right on which his Petition relies. *See* 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2244(d)(1)(C), a petitioner's habeas limitations period will run from the date "on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review," where that date is later than the date on which his conviction became final.

In *Miller v. Alabama*, 567 U.S. 460 (2012), the United States Supreme Court clarified that the Constitution prohibits the imposition of statutory mandatory life without opportunity for parole ("LWOP") sentences upon minors, even in homicide cases. *Id.* at 465. The Court stated that the "mandatory penalty schemes" at issue, which required a LWOP sentence for anyone convicted of murder regardless of age, improperly prevented the sentencing court from taking account of the mitigating qualities of youth as required by the Court's prior decision in *Graham v. Florida*, 560 U.S. 48, 82 (2010) (holding that the Eighth Amendment of the United States Constitution prohibits the imposition of a life without parole (LWOP) sentence on a juvenile offender who did not commit homicide) *Id.* at 474-77. The Supreme Court of the United States

4

subsequently held that the principles of *Graham* and *Miller* apply retroactively.[5] *Montgomery v. Louisiana*, 577 U.S. ——, 136 S.Ct. 718, 732-33, 193 L.Ed.2d 599 (2016).

*Miller* and *Montgomery*, however, do not recognize the right Petitioner appears to be asserting – that his life sentence <u>with a 30-year period of parole ineligibility</u> violates the Eighth Amendment or that New Jersey's sentencing scheme is unconstitutional. In *Miller*, the Court determined only that a sentencing scheme that imposed "mandatory life without parole for those under the age of 18 at the time of their crimes" violated the Eighth Amendment. 567 U.S. at 465. The right the Court recognized was thus expressly limited to statutory schemes requiring that a juvenile offender receive life without parole without any consideration of factors including his age and maturity. *Id.* at 468-69. The Court did not invalidate the sentences of juveniles sentenced to less than life without the possibility of parole. *Id.* The Court in *Montgomery* stated that any *Miller* error would be remedied where a state adopts a sentencing scheme which provides for eventual parole eligibility. *See Montgomery*, 136 S. Ct. at 736 (citing with approval Wyoming's statute which provides for parole eligibility for juvenile homicide convicts after 25 years). Here, Petitioner was sentenced to life with a thirty-year period of parole ineligibility. (*See* ECF No. 1, Pet. at ¶ 3.) Thus, pursuant to the Court in *Montgomery*, Petitioner's sentence does not violate *Miller's* prohibitions.

---

[5] The New Jersey Supreme Court subsequently extended *Miller* to sentences that are not "officially 'life without parole'", finding that lengthy term-of-years sentences imposed on the juveniles in the cases before the court were sufficient to trigger the protections of *Miller* under the Federal and State Constitutions. *See State v. Zuber*, 227 N.J. 422, 448 (2017) (finding that 55-year and 68-year sentences at issue were lengthy enough to trigger the protections of *Miller*).

5

Because Petitioner has not presented a valid *Miller* claim, *Miller* does not provide a basis for a later starting date for his habeas limitations period under 28 U.S.C. § 2241(d)(1). Petitioner's habeas petition is thus time barred and subject to dismissal on that basis.

Even if Petitioner's *Miller* claim could restart the limitations period, the Appellate Division did not unreasonably apply *Miller* in rejecting Petitioner's motion to correct an illegal sentence. AEDPA dictates the manner in which a district court conducts its review. Federal habeas courts cannot grant relief "with respect to any claim that was adjudicated on the merits in State court" unless the adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner duly exhausted his *Miller* claim in state court. In his 2013 motion to correct an illegal sentence, Petitioner

> [c]it[ed] Miller. . . [and] argued "it [wa]s a violation of the Eighth Amendment to sentence a juvenile to life in prison without the possibility of parole." He maintained *Miller* retroactively changed the law governing mandatory sentences of life without parole for juvenile offenders, and requires sentencing courts to engage in a proportionality analysis, "considering the defendant's youth and ... assessing whether the law's harshest term of imprisonment proportionately punishes the juvenile defendant." Specifically, he argued the sentencing court did not adequately account for his "less developed brain and lack of maturity" when imposing his life sentence.

The motion judge found *Miller* inapplicable because "defendant was not sentenced to a mandatory life sentence without the possibility of parole," but rather would "be eligible for parole thirty (30) years from his sentencing date." *See Smith*, 2015 WL 9694345, at *2. Petitioner appealed, and the Appellate Division affirm[ed] for the reasons expressed by [the

6

motion judge] in his thorough and well-reasoned written decision." *Id.* at *3. The Appellate Division added the following comments:

> The Eighth Amendment, applicable to the states through the Fourteenth Amendment, prohibits cruel and unusual punishment and "guarantees individuals the right not to be subjected to excessive sanctions." *Roper v. Simmons*, 543 U.S. 551, 560 (2005). New Jersey's analog similarly declares that "cruel and unusual punishments shall not be inflicted." N.J. Const. art. I, ¶ 12.
>
> In *Miller*, the Supreme Court held the mandatory sentences of life without the possibility of parole "for those under the age of 18 at the time of their crimes violate[ ] the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " *Miller, supra,* —– U.S. at ——, 132 S.Ct. at 2460, 183 L. Ed.2d at 414–15.4 The Court's decision did not, however, prohibit the mandatory imposition of a term-of-years sentence for juvenile offenders, nor did it prohibit the discretionary imposition of a life sentence with a mandatory period of parole ineligibility for juveniles, as was the case here. *See id.* at ——, 132 S.Ct. at 2464–68, 183 L. Ed.2d at 419–23 (focusing on the unique nature of life sentences in the context of juvenile offenders and their greater capacity for rehabilitation); *see also State v. Pratt*, 226 N.J. Super. 307, 326 (App. Div.) ("[W]e find no constitutional impediment barring imposition of [a] mandatory 30–year sentence on juveniles whose cases have been waived to the adult court and who have been found guilty of murder."), *certif. denied*, 114 N.J. 314 (1988).
>
> Unless we are confronted with a court sentencing a juvenile offender to a mandatory term of life without the possibility of parole, the constitutional infirmities identified in *Miller* do not apply.

*Smith*, 2015 WL 9694345, at *3–4. The Appellate Division did not unreasonably apply *Miller*; indeed, the Appellate Division correctly determined that *Miller* is inapplicable to Petitioner's sentence, which is <u>not</u> a life sentence without the possibility of parole but rather renders him eligible for parole after his 30-year ineligibility term expires. As such, Petitioner's *Miller* claim also fails on the merits.

The Court will also deny a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding unless he has

7

"made a substantial showing of the denial of a constitutional right." Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Didiano v. Balicki*, Civil Action No. 09–2315 (FLW), 2010 WL 1752191, at *6-7 (Apr. 29, 2010) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will deny a COA.

## IV. CONCLUSION

For the reasons expressed in this Opinion, the Petition is dismissed as untimely and without merit, and the Court declines to issue a certificate of appealability. An appropriate Order follows.

Madeline Cox Arleo, District Judge
United States District Judge

Dated: May 3 19